# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20047
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2016

Lyle W. Cayce
Clerk

SILVIA ROMAN; ALEJANDRO ROMAN,

Plaintiffs–Appellees,

v.

AUTONATION FORD GULF FREEWAY,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-3161

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Defendant–Appellant AutoNation Ford Gulf Freeway ("AutoNation") appeals the district court's order denying its Motion to Compel Arbitration and for Stay or Dismissal of Litigation. Because it is not clear that the district court had subject matter jurisdiction, we VACATE and REMAND to the district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court to determine whether subject matter jurisdiction exists and to dismiss if it finds the parties are not diverse.

Plaintiffs–Appellees, Silvia Roman and Alejandro Roman (collectively, the "Romans"), originally filed their lawsuit in federal court alleging that the Defendants, Ford Motor Company ("Ford") and AutoNation, designed, manufactured, sold, and warranted a defective vehicle, and that such actions breached express and implied warranties under the Texas Business & Commerce Code and violated the Texas Deceptive Trade Practices Act ("DTPA"). The Defendants denied the allegations and AutoNation filed a Motion to Compel Arbitration and for Stay or Dismissal of the Litigation. AutoNation contends that Plaintiffs signed a valid arbitration agreement subject to the Federal Arbitration Act ("FAA") when they purchased their vehicle and that arbitration should be ordered because the agreement covered the parties' dispute. The district court denied the motion and AutoNation appeals.

In their original Complaint, the Romans asserted that subject matter jurisdiction is proper under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. The Romans are Texas residents, residing in Harris County, Texas, but they do not allege their citizenship. Ford responded that it is a Delaware corporation with its principal place of business in Michigan, but that it had insufficient information to determine if the district court had diversity jurisdiction over the case. In AutoNation's Answer, it admitted to being an entity conducting business in Houston, Texas, but did not otherwise address its citizenship for purposes of subject matter jurisdiction. AutoNation's full entity name is Charlie Thomas Ford, Ltd. d/b/a AutoNation Gulf Freeway. In its brief, AutoNation does not include a statement of jurisdiction. By contrast, the Appellees' Brief asserts that this Court has jurisdiction because the lawsuit originated in the U.S.

district court and because the FAA confers jurisdiction to this Court to consider the district court's denial of a Motion to Compel Arbitration. Neither party has otherwise addressed how the district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332 or any other statute.

It is well-established that the FAA does not independently create subject matter jurisdiction. *See Vaden v. Discover Bank*, 566 U.S. 49, 59 (2009). Indeed,

> "[t]he Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28. U.S.C. § 1331 or otherwise. Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue."

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983).

This case presents no federal question. The Romans' breach of warranty and DTPA claims arise solely under Texas law. Therefore, the parties were required to establish jurisdiction under 28 U.S.C. § 1332 before the district court could rule on the Motion to Compel Arbitration and for Stay or Dismissal of Litigation. This Court is not satisfied, based on the record before it, that AutoNation does not share citizenship with the Romans. For that reason, we VACATE the district court's order and REMAND for a determination of subject matter jurisdiction. If diversity is not established, the district court must dismiss the parties' suit.